UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE BOGART,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.

CASE NO. C17-854 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Michelle Bogart appeals the denial of her application for Supplemental Security Income. She contends the ALJ erred by (**1**) misevaluating the medical opinions of examining psychologists Owen J. Bargreen, Psy.D., and Thomas Genthe, Ph.D., and reviewing psychologist Janis Lewis, Ph.D.; (**2**) misevaluating the opinion of Dick Moen, MSW; (**3**) failing to consider lay testimony by her fiancé Karl F. Nesensohn; and (**4**) discrediting her symptom testimony. Dkt. 10. The Court finds that the ALJ harmfully misevaluated Dr. Bargreen's examining opinion and therefore **REVERSES** and **REMANDS** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Ms. Bogart is currently 47 years old, has a GED, and has worked as a framer and a reception clerk. Tr. 36–38. In June 2013, she applied for benefits, alleging disability as of

1  January 2005. Tr. 193–201. After her application was denied initially and on reconsideration, the

2  ALJ conducted a September 2015 hearing. Tr. 32–68. In a November 2015 decision, the ALJ

3  found Ms. Bogart not disabled. Tr. 12–26. As the Appeals Council denied Ms. Bogart's request

4  for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–3.

5  **THE ALJ'S DECISION**

6  Utilizing the five-step disability evaluation process,[1] the ALJ found:

7  **Step one:** Ms. Bogart had not engaged in substantial gainful activity since June 11, 2013, the application date.

8

9  **Step two:** Ms. Bogart had the following severe impairments: post-traumatic stress disorder, major depressive disorder, bipolar disorder, polysubstance abuse, and borderline personality disorder.

10

11  **Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

12  **Residual Functional Capacity:** Ms. Bogart can perform a full range of work at all exertional levels but with certain nonexertional limitations. She is able to understand,

13  remember, and carry out simple, routine tasks. She can have no contact with the general public and perform no tandem tasks or tasks involving a cooperative team effort but is

14  able to have occasional and superficial contact with coworkers. She is able to adapt to routine changes in the workplace setting.

15

16  **Step four:** Ms. Bogart could not perform her past work.

17  **Step five:** As there are jobs that exist in significant numbers in the national economy that Ms. Bogart can perform, she not disabled.

18  Tr. 12–26.

19  **DISCUSSION**

20  The Court will reverse the ALJ's decision only if it was not supported by substantial

21  evidence in the record as a whole or if the wrong legal standard was applied. *Molina v. Astrue*,

22

---

23  [1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

1  674 F.3d 1104, 1110 (9th Cir. 2012). Moreover, the ALJ's decision may not be reversed on

2  account of an error that is harmless. *Id.* at 1111. Ms. Bogart argues that the ALJ misevaluated the

3  medical and other evidence by (**1**) discounting the medical opinions of examining psychologists

4  Dr. Bargreen and Dr. Genthe, and reviewing psychologist Dr. Lewis; (**2**) discounting the opinion

5  of social worker Mr. Moen; (**3**) failing to consider Mr. Nesensohn's lay testimony; and

6  (**4**) discrediting her symptom testimony. The Court finds that the ALJ failed to cite specific and

7  legitimate reasons supported by substantial evidence for rejecting Dr. Bargreen's examining

8  opinion about Ms. Bogart's ability to perform full-time work and therefore reverses and remands

9  for further administrative proceedings. Because the Court is remanding this case, it does not

10 reach the other medical opinions and issues so the ALJ may examine them in light of the

11 agency's newly applicable SSR 16-3p, 82 Fed. Reg. 49,462 (Oct. 25, 2017), which eliminates the

12 use of the term "credibility" and instead focuses on an evidence-based analysis of the

13 administrative record to determine whether the nature, intensity, frequency, or severity of an

14 individual's symptoms impact his or her ability to work.

15      **1. Examining Psychologist Dr. Bargreen**

16      Ms. Bogart contends that the ALJ did not provide adequate reasons for discounting

17 examining psychologist Dr. Bargreen's opinion and that this error was harmful. The Court

18 agrees.

19      As a general rule, more weight should be given to the opinions of examining doctors than

20 to the opinions of doctors who do not examine or treat the claimant. *Lester v. Chater*, 81 F.3d

21 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p. That did not happen here.

22 The ALJ gave little weight to the opinion of examining psychologist Dr. Bargreen and gave

23 substantial weight to the contradictory opinion of nonexamining state agency consultant Diane

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

Fligstein, Ph.D. *See* Tr. 18–21, 23–24. The Court therefore examines whether Dr. Bargreen's

opinion was rejected for specific and legitimate reasons that are supported by substantial

evidence.[3] *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself

constitute substantial evidence that justifies the rejection of the opinion of an examining

physician." *Id.*

In May 2013, Dr. Bargreen opined that Ms. Bogart had moderate to severe limitations in

every listed basic work activity, and these limitations would be expected to last 12 months even

with treatment. Tr. 498–99. Among other limitations, Dr. Bargreen opined that Ms. Bogart

suffered *marked* limitations in her ability to perform activities within a schedule, to maintain

regular attendance, and to be punctual within customary tolerances without special supervision,

Tr. 498; and suffered *severe* limitations in her ability to complete a normal workday and

workweek without interruptions and to maintain appropriate behavior in a work setting. Tr. 498.

The ALJ gave little weight to Dr. Bargreen's opinion because (**1**) Dr. Bargreen reviewed no

records and appeared to be highly reliant upon Ms. Bogart's symptom testimony, which was not

credible; (**2**) the opined severity of her limitations was inconsistent with the objective findings of

the evaluation, such as her ability to spell the word "world" forward and backward correctly;

---

[3] Ms. Bogart argues that because the ALJ did not specifically note that other medical opinions
conflicted with those of examining Drs. Bargreen and Genthe, the opinions of Drs. Bargreen and
Genthe should be treated as "uncontradicted" and therefore rejected only for clear and
convincing reasons. *See* Dkt. 10, at 5, 10. The Court disagrees. Any rational reading of the record
demonstrates that the examining opinions of Drs. Bargreen and Genthe are contradicted by the
nonexamining opinion of Dr. Fligstein: Drs. Bargreen and Genthe suggest far more severe
limitations than those assessed by Dr. Fligstein. *Compare* Tr. 496–500 (Dr. Bargreen) *and* Tr.
619–25 (Dr. Genthe) *with* Tr. 82–85 (Dr. Fligstein). Moreover, because Dr. Lewis is a
nonexamining psychologist, Ms. Bogart is incorrect to suggest that Dr. Lewis's opinion can be
rejected only for clear and convincing reasons. *See* Dkt. 10, at 5. The ALJ "may reject the
opinion of a non-examining physician by reference to specific evidence in the medical record."
*Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

(**3**) Ms. Bogart's activities were not consistent with the opined severity of her limitations; and

(**4**) Dr. Bargreen provided no explanation of his checkbox assessment. Tr. 19. None of these

rationales are specific and legitimate reasons for rejecting Dr. Bargreen's evaluation regarding

Ms. Bogart's workplace limitations.

First, the ALJ opined that Dr. Bargreen had not reviewed Ms. Bogart's records and

therefore must have relied heavily on Ms. Bogart's unreliable self-reports of symptoms. "An

ALJ does not provide clear and convincing reasons for rejecting an examining physician's

opinion by questioning the credibility of the patient's complaints where the doctor does not

discredit those complaints and supports his ultimate opinion with his own observations." This is

so because psychological diagnoses will always depend in part on the patient's self-report. *Buck*

*v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Thus, the rule allowing an ALJ to reject

opinions based on self-reports does not apply in the same manner to opinions regarding mental

illness."). Dr. Bargreen did not rely entirely upon Ms. Bogart's self-reports. Dr. Bargreen also

relied upon his own observations of Ms. Bogart as well as the administration of a mental status

exam. Nothing in the record suggests that Dr. Bargreen disbelieved Ms. Bogart's description of

her symptoms, or that Dr. Bargreen relied on those descriptions more heavily than his own

clinical observations in concluding that Ms. Bogart was incapable of maintaining a regular work

schedule.

Second, the ALJ opined that the assessed limitations were inconsistent with the objective

findings of Dr. Bargreen's evaluation but proffered a single example: Ms. Bogart could spell the

word "world" forward and backward correctly. The Court cannot discern how the ability to spell

the word "world" forward and backward undermined Dr. Bargreen's determination that Ms.

1  Bogart's symptoms from PTSD and major depressive disorder interfered with her ability to

2  complete a normal workday or workweek.

3        Third, the ALJ opined that Ms. Bogart's "activities, as discussed below, are not

4  consistent with [Dr. Bargreen's] opined severity of the claimant's limitations." Tr. 19. When

5  discussing Ms. Bogart's "activities," the ALJ referred to Ms. Bogart doing artwork, socializing,

6  maintaining a steady relationship with her boyfriend for years, driving, using public

7  transportation, shopping in stores, doing laundry, and keeping her room clean. Tr. 15, 23–24.

8  The ALJ failed to explain how these daily activities translate to the workplace, relate to Ms.

9  Bogart's assessed mental limitations, and contradict Dr. Bargreen's opinion. *Cf. Orn v. Astrue*,

10  495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to the daily

11  activities and their transferability to conclude that a claimant's daily activities warrant an adverse

12  credibility determination.") (citations omitted).

13        Fourth, the ALJ cited *Crane v. Shalala*, 76 F.3d 251 (9th Cir. 1996), to support the

14  proposition that Dr. Bargreen's opinion could be discounted because he filled out a checkbox

15  assessment. The Court finds *Crane* to be inapplicable here. Unlike *Crane*, here Dr. Bargreen

16  coupled the checkbox assessment with a detailed, narrative explanation of the clinical interview,

17  of symptoms, of diagnoses, and of why aspects of the mental status exam were not within normal

18  limits. *See* Tr. 496–500; *see, e.g.*, *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (finding

19  that the ALJ had not provided a germane reason for rejecting the primary medical provider's

20  opinion expressed on a checkbox form given the 18-month treatment history and treatment

21  records).

22        The Court finds that the ALJ failed to cite specific and legitimate reasons supported by

23  substantial evidence for rejecting Dr. Bargreen's examining opinion about Ms. Bogart's inability

1   to perform full-time work. This error was harmful because the vocational expert testified that a

2   person with workplace limitations as severe as those opined by Dr. Bargreen would be unable to

3   work in a competitive setting. Tr. 64–67. The Court notes that in evaluating Dr. Bargreen's

4   opinion, the ALJ declined to explain how the other medical evidence either supported or did not

5   support Dr. Bargreen's conclusions. This is an omission best rectified on remand.

6           **2.   Remand, SSR 16-3p, Other Issues**

7           Ms. Bogart contends that this case should be remanded for immediate payment of

8   benefits. The Court disagrees and remands for further administrative proceedings.

9           Usually, "[i]f additional proceedings can remedy defects in the original administrative

10  proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635

11  9th Cir. 1981). A remand for an immediate award of benefits is appropriate, however, only in

12  "rare circumstances." *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014).

13  Before ordering that extreme remedy, three requirements must be met:

14          (1) the record has been fully developed and further administrative proceedings
            would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
15          reasons for rejecting evidence, whether claimant testimony or medical opinion;
            and (3) if the improperly discredited evidence were credited as true, the ALJ
16          would be required to find the claimant disabled on remand.

17  *Garrison*, 759 F.3d at 1019. Moreover, even if all three requirements are met, the Court retains

18  "flexibility" in determining the appropriate remedy. *Id.* at 1021. The Court may remand on an

19  open record "when the record as a whole creates serious doubt as to whether the claimant is, in

20  fact, disabled within the meaning of the Social Security Act." *Id.*

21          Here, although the ALJ committed harmful legal error by misevaluating Dr. Bargreen's

22  examining opinion, the Court will not remand for further benefits because it is not satisfied that

23  "further administrative proceedings would serve no useful purpose." *Id.* First, the Court remands

on an open record because the record as a whole creates serious doubt as to whether Ms. Bogart

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

is disabled. That is, there are conflicting medical opinions and evidence and the harmful error

was the ALJ's mishandling of a pivotal medical opinion that is highly favorable to Ms. Bogart.

Second, "[f]or highly fact-intensive individualized determinations like a claimant's entitlement

to disability benefits, Congress 'places a premium upon agency expertise, and, for the sake of

uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their

discretion for that of the agency." *Treichler*, 775 F.3d at 1098 (quoting *Consolo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 621 (1966)). "Where there is conflicting evidence, and not all essential

factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at

1101.

Because the remand is for further proceedings, the Court declines to examine the

opinions of Drs. Genthe and Lewis and to evaluate Ms. Bogart's other three contentions. Since

the ALJ's decision issued, the agency republished SSR 16-3p, a ruling that eliminated the use of

the term "credibility" and clarified that subjective symptom evaluation is not an examination of

an individual's character but rather is an evidence-based analysis of the administrative record to

determine whether the nature, intensity, frequency, or severity of an individual's symptoms

impact his or her ability to work. SSR 16-3p, 82 Fed. Reg. 49,463 & n.1. Adjudicators will apply

SSR 16-3p in making decisions on or after March 28, 2016. *Id.* at 49,468. The ALJ's adverse

credibility determination is inextricably entwined in the evaluation of Ms. Bogart's symptom

testimony, the medical evidence, and corroborating lay testimony. The ALJ should be afforded

the opportunity to apply SSR 16-3p to the record evidence without being burdened by the

Court's advisory opinion employing an outdated analytical framework.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings.

On remand, the ALJ shall reevaluate Dr. Bargreen's medical opinion, the medical evidence, and lay testimony on an open record; revisit Ms. Bogart's symptom testimony in accordance with SSR 16-3p; hold a new hearing; proceed with the sequential analysis from an assessment of RFC forward; and issue a new decision.

DATED this 15th day of December, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge